UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COY PHELPS,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>                                                / | No. C 09-4507 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

    Coy Phelps has filed a petition for writ of habeas corpus in which he alleges the court has jurisdiction under 28 U.S.C. § 2241. In his petition, he states that he is challenging the constitutionality of 18 U.S.C. § 3603(8)(A), which allegedly "is in direct conflict with the first twenty one words of 18 USC 4243(g) and 18 USC 4246(f)." Petition, p. 1. He also argues that "since there are no federal statutes authorizing Phelps to be in federal custody or to be confined in any federal facility (and 18 USC 4001(a) requires a federal statute) it is likely that, someday, some court will recognize the structural errors in his case and release him." Petition, p. 6. He therefore requests the court to declare 18 U.S.C. § 3603(8)(A) in conflict with 18 U.S.C. § 4243(g) and unconstitutional as applied to persons committed under 18 U.S.C. § 4243 or 18 U.S.C. § 4246. Id. He contends that "it is because of the violation of 18 USC 4243(g) that Phelps has suffered violations of his 4th and 5th Amendment rights." Petition, p. 4. The petition has several problems which require that it be dismissed.

    First, the challenge to the application of 18 U.S.C. § 3603(8)(A) to Phelps is not ripe. "The ripeness doctrine prevents courts, through avoidance of premature adjudication, from

1 entanglement in theoretical or abstract disagreements that do not yet have a concrete impact
2 on the parties." 18 Unnamed "John Smith" Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir.
3 1989). The statute Phelps challenges provides that a probation officer "when directed by the
4 court, and to the degree required by the regimen of care or treatment ordered by the court as a
5 condition of release, keep informed as to the conduct and provide supervision of a person
6 conditionally released under the provisions of section 4243 or 4246 of this title, and report
7 such person's conduct and condition to the court ordering release and to the Attorney General
8 or his designee." 18 U.S.C. § 3603(8)(A). Section 3603(8)(A) does not currently apply to
9 Phelps because (1) Phelps is not a person who has been "conditionally released" or even
10 certified for release under § 4243, (2) the court has not ordered a "regimen of care or
11 treatment" for Phelps; and (3) no probation officer has been "directed by the court" to do
12 anything under § 3603(8)(A) with respect to Phelps. The non-occurrence or non-existence of
13 these three circumstances shows that Phelps' challenge to a probation officer's supervision
14 under § 3603(8)(A) is premature. At this point, there are too many unknown variables for
15 any court to determine whether a probation officer's reporting of the supervised person's
16 conduct and condition conflicts with the other statutes as Phelps argues. Phelps must wait
17 until he is subjected to § 3603(8)(A), so that it has a concrete impact on him. to challenge it
18 via a habeas petition.

19 Second, Phelps' contention that the statutes are facially irreconcilable is patently
20 meritless. Section 3603(8)(A) imposes supervision and reporting duties on a probation
21 officer, as directed by the court. Section 4243(g)'s first sentence (which is the part
22 challenged by Phelps) imposes a different duty on the director of the medical facility
23 responsible for administering a regimen imposed on an acquitted person conditionally
24 discharged, i.e., the specific duty to notify the court and Attorney General "of any failure of
25 the person to comply with the regimen." Neither statute commands an action prohibited by
26 the other statute or incompatible with it. The statutes are not irreconcilable on their face.

27 Third, Phelps' argument rests in part on a challenge to the application of 18 U.S.C. §
28 4243 to him. See Petition, p. 4. As the court explained in its Order of Dismissal in Phelps v.

2

<u>United States</u>, C 04-4192 MHP, a new habeas petition cannot be filed in this court unless and until Phelps first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider his second or successive petition insofar has he wants to challenge his current custody.  <u>See</u> 28 U.S.C. § 2244(a) and § 2255.

The petition is dismissed.  The dismissal is without prejudice to Phelps challenging the application of 18 U.S.C. § 3603(8)(A) to him if he is ever subjected to it.  The dismissal of this action also is without prejudice to Phelps filing a petition for writ of habeas corpus in this court if he obtains the necessary order from the United States Court of Appeals for the Ninth Circuit.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 18, 2009

Marilyn Hall Patel
United States District Judge